**FRANKEL SYVERSON PLLC**
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (AZ #027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (AZ #020191)
patti@frankelsyverson.com

Susan Martin (AZ #014226)
Jennifer Kroll (AZ #019859)
Michael M. Licata (AZ #033941)
**Martin & Bonnett, P.L.L.C.**
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com
mlicata@martinbonnett.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Natasha Carr, | Case No.: |
| Plaintiff, on behalf of herself and all others similarly situated | |
| v. | **CLASS ACTION COMPLAINT** |
| SSP America, Inc.; SSP America, Inc. 401(k) Savings Plan, | |
| Defendants. | |

Plaintiff Natasha Carr, by and through undersigned counsel, hereby brings this action under the Employee Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, for benefits under the terms of SSP America, Inc. 401(k) Savings Plan ("Plan") and for declaratory, injunctive and other equitable relief to enforce her rights

1

and remedy violations of the Plan and ERISA. On behalf of herself and all others similarly situated, Plaintiff alleges, *inter alia*, that Defendants have failed to comply with the terms of the Plan and ERISA and have breached their fiduciary duties to Plaintiff and putative class members by failing to collect and remit both employee and employer contributions, and failing to make required disclosures and provide documents and information required by ERISA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to § 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

2. Venue is proper pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391 because the claims arose, the breach took place and the pension plan is administered in the District of Arizona, and because a substantial part of the events and omissions giving rise to the claims accrued in this District and because Defendants are subject to the Court's personal jurisdiction with respect to the claims in this action.

## PARTIES

3. From in or around February 2015 to the present, Plaintiff Natasha Carr ("Ms. Carr") has been employed by SSP America, Inc. ("SSP") in Phoenix, Arizona as a server at restaurants owned and operated by SSP at the Phoenix Sky Harbor International Airport.

4. Ms. Carr is a participant under the Plan within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

5. Defendant Plan is an "individual account plan" or "defined contribution plan" within the meaning of Section 3(34) of ERISA, 29 U.S.C. § 1002(34), which purports to be qualified under Section 401(k) of the internal revenue code and provides for an individual account for each participant and for benefits based upon the amount contributed to the participant's account by the participant and through matching contributions made by their employer, Defendant SSP, together with any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be allocated to such

participant's account. Defendant Plan is named herein solely to allow the provision of complete relief.

6. Defendant SSP is the Administrator of the Plan and a fiduciary with respect to the Plan within the meaning of §§ 3(16)(A) and 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(16)(A), (21)(A).

**GENERAL ALLEGATIONS**

7. At all relevant times, Ms. Carr worked under the terms of collective bargaining agreements between SSP and Unite Here Local 11.

8. Upon information and belief, under the terms of the collective bargaining agreements under which Ms. Carr worked, SSP was required to establish and maintain a 401(k) plan for the benefit of Plaintiff and similarly situated employees.

9. Upon information and belief, SSP offers SSP servers working at Sky Harbor and at similar locations to become participants in the Plan by authorizing deductions from the compensation owed to them by Defendants to be contributed on their behalf to individual accounts under the Plan and, upon so doing, to receive matching contributions to the Plan to be made on the employee participants' behalf by SSP.

10. The Plan is intended to be qualified under 401(k) of the Internal Revenue Code and permits employees to contribute pre-tax earnings to the Plan which reduce the participants' taxable income for the year the contributions are made and permits investments to grow on a tax-deferred basis.

11. Despite multiple requests by Plaintiff for copies of the Plan document, none was provided.

12. Upon information and belief, at all relevant times, the terms of the Plan required SSP to offer and permit employees including Plaintiff to make contributions to the Plan up to the maximum amounts permitted under the Internal Revenue Code.

13. Upon information and belief, employee contributions that are elected by the participant are required to be submitted to a service provider, retained by Defendants for purposes of investing the Plan contributions in accordance with the participants' directions.

14. Upon information and belief, and based on Defendants' communications to Plaintiff and similarly situated Plan participants, at all relevant times the terms of the Plan require SSP to match 100% of the first 3%, then 50% of the next 2% of the employee deferral amount.

15. Plaintiff began participating in the Plan in or around 2021 and directed that contributions of 20% of her earnings be made to her individual account in the Plan from each and every payroll.

16. Plaintiff was advised that her contributions and SSP's matching contributions were sent to the Plan's third party investment service provider, which in 2024 was John Hancock and which in earlier years was Principal Life Insurance to be invested in various securities for the benefit of the participant.

17. Plaintiff is fully vested in her contributions and SSP's matching contributions.

18. In or around January 2024, with no advance notice to Plaintiff or other Plan participants, SSP ceased remitting all employer and employee contributions to the Plan for Plaintiff and for similarly situated Plan participants.

19. On multiple occasions, including on or about April 16, 2024, April 18, 2024 and June 24, 2024, Plaintiff made claims orally and in writing to the Plan Administrator, other Plan fiduciaries and the third party service provider, John Hancock, about the lack of contributions, advised of the harm it was causing and asked that the contributions be reinstated.

20. Plaintiff was advised by Defendants on April 18, 2024, April 21, 2024 and June 24, 2024 that SSP and its benefits team was looking into the issue including with the payroll service, but Defendants never provided any further information or explanation regarding the failure to make and remit the required contributions.

21. On or about June 24, 2024, SSP's "Regional People Leader" informed Plaintiff that SSP and payroll were "aware of the issue" and had "been working on a

resolution with a third-party vendor" but that they "did not have an anticipated resolution date yet."

22. Plaintiff received no further information about the lack of employer and employee contributions.

23. In or around the fourth quarter of 2024, in addition to failing to make the correct contributions, Plaintiff received an account statement purporting to show without any explanation an alleged *deduction* from her account balance for a participant contribution.

24. Upon information and belief on or about January 2025, SSP recommenced remitting employer and employee contributions to the Plan.

25. In or around February 2025, SSP America ceased remitting employer and employee contributions and have not made any contributions since that date.

26. Defendants have failed to contribute any make-whole payments or contributions or amounts sufficient to make up for the losses suffered by Plaintiffs and similarly situated employees resulting from Defendants' failure to comply with their contribution obligations.

27. SSP's failure to withhold and submit Plaintiff's contributions and failure to make its required matching contributions has caused harm to Plaintiff and class members including a loss of benefits, investment income gains and interest, loss of tax deferred savings, resulting in higher tax liability, and loss of investment earnings.

28. Plaintiff and upon information and belief, class members, have not received any summary plan descriptions or notices of changes and modifications as required under ERISA.

29. Plaintiff has fully exhausted any required administrative remedies.

30. Defendants have been unjustly enriched through their failure to remit employee and employer contributions to the Plan.

**CLASS ALLEGATIONS**

31. In addition to Plaintiff's individual claim for benefits and for violations of

5

ERISA, this action is commenced pursuant to Fed. R. Civ. P. 23 as a class action consisting of the following class:

> Class 1: All Plan participants who were active employees on or after January 1, 2023 (and their surviving spouses and eligible beneficiaries).
>
> Subclass 1: All Plan participants who were contributing to the Plan in the payroll period immediately prior to January 1, 2023.

32. The class is so numerous that joinder is impracticable including because of the number of class members and because they are likely to be geographically dispersed throughout the United States. According to the Plan's publicly filed Form 5500 return for the Plan year ending December 31, 2023, there are more than 5,800 active participants in the Plan, and nearly 2,000 participants with account balances at the end of the year.

33. There are questions of law and fact common to the members of the class that will be resolved by common answers, including whether declaratory and injunctive and other equitable relief is appropriate and whether benefits are due as a result of Defendants' violations of the Plan and ERISA including, *inter alia*:

   a. whether Defendants violated the terms of the Plan in failing to make employee and matching employer contributions;

   b. whether Defendants breached their fiduciary duties by, *inter alia*: failing to ensure compliance with the terms of the Plan; and

   c. whether Defendants failed to provide required disclosures including notices of material modifications and accurate summary plan descriptions.

34. Ms. Carr will fairly and adequately represent the interests of the class and subclass members. She has diligently pursued her claims and engaged the undersigned experienced ERISA and class action counsel.

35. The prosecution of separate proceedings by the individual members of the class and subclass would create a risk of inconsistent or varying adjudications that would be dispositive of the interests of other members not parties to the litigation or substantially impair or impede their ability to protect their interests.

36. Upon information and belief, Defendants have acted or refused to act on grounds generally applicable to the classes as a whole by engaging in the same violations of ERISA and the terms of the Plan with respect to the classes, thereby making declaratory relief and corresponding injunctive and equitable relief appropriate with respect to the class as a whole.

37. A class proceeding is superior to other available methods for the fair and efficient adjudication of this controversy including, *inter alia*, because:

   a. the class members have suffered from the same violations of ERISA and the numbers and likely geographic diversity of class members make joinder impractical; and

   b. the high cost and likely necessity for accounting and actuarial experts to assist in the prosecution of the issues involved in this case, along with the relatively modest sums that may be involved for individual participants likely constitute a significant and recurring obstacle to the ability of individual class and subclass members to retain competent and experienced ERISA counsel and marshal the resources necessary to prosecute these ERISA violations in separate legal proceedings yet likely have caused and will continue in the future to cause loss of valuable pension and ERISA rights unless remedied through injunctive and other appropriate relief.

## COUNT I
### (TO REDRESS VIOLATIONS OF THE TERMS OF THE PLAN PURSUANT TO ERISA SECTION 502(a)(1)(B))

38. Plaintiff repeats and realleges each allegation set forth in the prior paragraphs as though fully set forth herein.

39. By the acts and omissions set forth above, including, *inter alia*, by failing to make participant contributions and matching contributions to the Plan, Defendants violated the terms of the Plan.

40. As a proximate result of Defendants' violations of the terms of the Plan, Plaintiff and Class and Subclass members were harmed and deprived of benefits due under the terms of the Plan.

41. As a result of Defendants' violations of the terms of the Plan, Plaintiff and Class and Subclass members are entitled to an order declaring that Defendants violated the terms of the Plan, enjoining Defendants from violating the terms of the Plan and directing Defendants to pay Plaintiff and Class and Subclass members' employee and employer contributions, lost investment earnings and make-whole payments for the increased tax liability each Class and subclass member was required to bear together with pre-judgment and post-judgment interest, attorneys' fees and costs.

## COUNT II
## (TO REDRESS VIOLATIONS OF ERISA FIDUCIARY DUTY REQUIREMENTS)

42. Plaintiff repeats and realleges each allegation set forth in the prior paragraphs as though fully set forth herein.

43. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) provides in relevant part:

> (1) Subject to Sections 403(c) and (d), 4042, and 4044, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and–
> (A) for the exclusive purpose of:
> (i) providing benefits to participants and their beneficiaries; and
> (ii) defraying reasonable expenses of administering the plan;
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
> ***
> (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and title IV.

44. Defendants have a fiduciary responsibility to discharge their duties with loyalty and to provide Plaintiff and Class and Subclass members with truthful and accurate material disclosures and to administer the Plan in accordance with ERISA and the

8

documents and instruments governing the Plan insofar as such documents and instruments are consistent with ERISA.

45. By the acts and omissions complained of above, including, *inter alia*, by failing to ensure that the Plan was being administered in accordance with documents and instruments governing the Plan, by failing to make participants whole for the failure to deduct and remit employee and employer contributions, by failing to disclose facts and material information to participants about the Plan and its operations, Defendants breached their fiduciary duties to Plaintiff and class members.

46. As a proximate result of Defendants' breaches of fiduciary duty, Plaintiff and class members have been harmed and, *inter alia*, been deprived of rights protected by the terms of the Plan and ERISA.

47. Plaintiff and Class and Subclass members are entitled to declaratory, injunctive and other equitable relief, including but not limited to, an order, *inter alia*: declaring that Defendants breached their fiduciary duties and violated ERISA § 404 and applicable regulations; enjoining Defendants to ensure the Plan complies with its terms and ERISA; surcharging the fiduciaries, and enjoining Defendants to immediately make Plaintiff and all Class and subclass members whole by restoring benefits in accordance with the terms of the Plan together with all make whole relief; requiring Defendants to disgorge all profits and benefits gained from their breaches of fiduciary duty; and such other and further relief as the Court deems just and proper, together with pre-judgment and post-judgment interest, attorneys' fees and costs.

## COUNT III
## (TO REDRESS VIOLATIONS OF ERISA'S DISCLOSURE REQUIREMENTS)

48. Plaintiff repeats and realleges each allegation set forth in the prior paragraphs as though fully set forth herein.

49. Section 102 of ERISA, 29 U.S.C. § 1022, Summary Plan Description, provides in relevant part:

(a) A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 104(b)

of this title. The summary plan description shall include the information described in subsection (b) of this section, shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan. A summary of any material modification in the terms of the plan and any change in the information required under subsection (b) of this section shall be written in a manner calculated to be understood by the average plan participant and shall be furnished in accordance with section 104(b)(1) of this title.

(b) The summary plan description shall contain the following information: The name and type of administration of the plan; …the name and address of the administrator; names, titles, and addresses of any trustee or trustees (if they are persons different from the administrator); a description of the relevant provisions of any applicable collective bargaining agreement; the plan's requirements respecting eligibility for participation and benefits; a description of the provisions providing for nonforfeitable pension benefits; circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; the source of financing of the plan and the identity of any organization through which benefits are provided; the date of the end of the plan year and whether the records of the plan are kept on a calendar, policy, or fiscal year basis; the procedures to be followed in presenting claims for benefits under the plan…

50. Section 104(b) of ERISA, 29 U. S. C. § 1024(b), Publication of summary plan description and annual report to participants and beneficiaries of plan, provides in relevant part:

(1) The administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, a copy of the summary plan description, and all modifications and changes referred to in section 1022(a) of this title–

(A) within 90 days after he becomes a participant, or (in the case of a (beneficiary) within 90 days after he first receives benefits, or

(B) if later, within 120 days after the plan becomes subject to this part. The administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, every fifth year after the plan becomes subject to this part an updated summary plan description described in section 1022 of this title which integrates

    all plan amendments made within such five-year period, except that in a case where no amendments have been made to a plan during such five-year period this sentence shall not apply. Notwithstanding the foregoing, the administrator shall furnish to each participant, and to each beneficiary receiving benefits under the plan, the summary plan description described in section 1022 of this title every tenth year after the plan becomes subject to this part. If there is a modification or change described in section 1022(a) of this title . . . a summary description of such modification or change shall be furnished not later than 210 days after the end of the plan year in which the change is adopted to each participant, and to each beneficiary who is receiving benefits under the plan....

  (2)  The administrator shall make copies of the latest updated summary plan description and the latest annual report and the bargaining agreement, trust agreement, contract, or other instruments under which the plan was established or is operated available for examination by any plan participant or beneficiary in the principal office of the administrator and in such other places as may be necessary to make available all pertinent information to all participants (including such places as the Secretary may prescribe by regulations).

  (3)  Within 210 days after the close of the fiscal year of the plan, the administrator (other than an administrator of a defined benefit plan to which the requirements of section 1021(f) of this title applies) shall furnish to each participant, and to each beneficiary receiving benefits under the plan, a copy of the statements and schedules, for such fiscal year, described in subparagraphs (A) and (B) of section 1023(b)(3) of this title and such other material (including the percentage determined under section 1023(d)(11) of this title) as is necessary to fairly summarize the latest annual report.

51. Section 402 of ERISA, 29 U.S.C. § 1102, requires every employee benefit plan to be in writing and specify the basis on which payments are made to or from the plan.

52. By the acts and omissions complained of above, Defendants violated ERISA Sections 102, 104 and 402 and regulations thereunder

53. As a proximate result of Defendants' violations of ERISA §§102, 104, and 402, Plaintiff and Class and Subclass members have been harmed and, *inter alia*: have been deprived of material disclosures required to be made by Plan fiduciaries and have been

11

deprived of the ability to make timely, informed decisions regarding their retirement benefits, their savings, their tax liability and their decisions regarding whether and when to retire, and Defendants have been unjustly enriched.

54. Plaintiff and Class and Subclass members are entitled to declaratory, injunctive, and other equitable relief, including but not limited to, an order declaring that Defendants violated ERISA Sections 102, 104, and 402 and applicable regulations, enjoining Defendants from failing to comply with their disclosure obligations, together with all other appropriate equitable and make-whole relief including surcharge of the Plan fiduciaries, and disgorgement of any unjust enrichment received by Defendants, together with pre-judgment and post-judgment interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Judgment be entered in her favor against Defendants as follows:

A. Declaring that Defendants violated the terms of the Plan;

B. Declaring that Defendants violated ERISA Sections 102, 104, 402, 404 and regulations thereunder;

C. Enjoining Defendants from violating the terms of the Plan;

D. Enjoining Defendants from violating ERISA Sections 102, 104, 402, 404 and regulations thereunder;

E. Ordering Defendants to submit to an accounting;

F. Ordering Defendants to disgorge the value of the employer and employee contributions not paid together with all profits attributable thereto;

G. Surcharging Defendants for the full amount of Plaintiff's and class members' contributions not made and such other amounts to make Plaintiff and class members whole;

H. Enjoining Defendants to restore the benefits that were not paid as employee and employer contributions and to make Plaintiff and class members whole for all losses, including pre-judgment and post-judgment interest;

I. An award of attorneys' fees and costs pursuant to ERISA § 502(g) and/or the common fund theory, and

J. Awarding such other and further relief the Court deems just and proper.

DATED: March 19, 2025

          **FRANKEL SYVERSON PLLC**

          *s/ Ty D. Frankel*
          Ty D. Frankel
          2375 E. Camelback Road, Suite 600
          Phoenix, Arizona 85016

          **FRANKEL SYVERSON PLLC**
          Patricia N. Syverson
          9655 Granite Ridge Drive, Suite 200
          San Diego, California 92123

          **MARTIN & BONNETT, P.L.L.C.**
          Susan Martin
          Jennifer Kroll
          Michael M. Licata
          4647 N. 32nd St., Suite 185
          Phoenix, Arizona 85018

          *Attorneys for Plaintiff*